IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CAROLINE THOMAS,             )
                             )
    Plaintiff,              )
                             )
v.                           )    No. 2:16-cv-2801-JTF-dkv
                             )
                             )
FAYETTE COUNTY, et. al,      )
                             )
    Defendants.             )

---

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL

---

On October 6, 2016, Plaintiff Caroline Thomas, proceeding *pro se*, filed a complaint against numerous (23) defendants[1] alleging violations of her civil rights under 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*.[2] (ECF Nos. 1 & 3). On October 7, 2016, the matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 1915 (e)(2)(B) and L.R. 4.1(b)(2). On December 5, 2016, the Plaintiff filed a Motion to Amend and Supplement Complaint and for Joinder of Additional Defendants. (ECF No. 8). On December 19, 2016, the

---

[1]The Magistrate Judge separated the Defendants into two groups, the City of Piperton Defendants and the Fayette County Defendants, and classified them as "any and every one in Fayette County and any and everyone in the City of Piperton who had anything to do with her hearing in municipal court, her arrest on charges of aggravated, her transportation to Baptist Hospital and then to the Fayette County Jail, and her detention at the Fayette County Jail, including *inter alia*, city and county court clerks, City and county commissioners, the sheriff's secretary, the city prosecutor, the city judge, and the city mayor." (ECF No. 12, p. 8).

[2] On October 7, 2016, Plaintiff filed the exact same complaint in the Fayette County Chancery Court. The matter was removed by the Defendants to this Court on December 8, 2016, Case No. 2:16-cv-2958, *Caroline Thomas v. Fayette County, et al.* (ECF Nos. 1 and 1-1).

1

Magistrate Judge issued a Report and Recommendation that the Court dismiss *sua sponte* all of Thomas' state and federal claims other than her 42 U.S.C. § 1983 claims against Defendants Fayette County and Sheriff Bobby Riles for deliberate indifference to her medical needs under the Fourteenth Amendment. The Magistrate Judge also denied Plaintiff's motion to amend her complaint to join any additional defendants. (ECF No. 12). On January 18, 2017, the undersigned Court granted Plaintiff's motion for additional time to file objections which were submitted on January 31, 2017. (ECF Nos. 16 and 18).

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A United States District Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the District Court Judge are reviewed *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985). In applying the *de novo* standard, Congress afforded the district judge sound discretion to rely on the Magistrate Judge's proposed findings and determinations. *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980).

A District Court Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Therefore, the District Judge may accept, reject, or modify, in whole or in part, the findings or

2

recommendations made by the Magistrate Judge. The judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. §636 (b)(1)(B) and (C); Fed. Rule Civ. P. 72(b); *Baker v. Peterson*, 67 Fed. App'x. 308, 311 (6th Cir. 2003). The Court need not conduct a *de novo* hearing, but must make a *de novo* determination based on the record only to matters involving disputed facts and findings. *Mira*, 806 F.2d at 637. Also, d*e novo* review is not required when the objections to the report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

## III. FACTUAL HISTORY

The Magistrate Judge's report and recommendation offers an extensive overview of the case as proposed findings of fact. Plaintiff submitted objections which do not challenge any of the proposed findings of fact. (ECF No. 12, pp. 3-9 and ECF No. 18). As such, the Court adopts the Magistrate Judge's proposed findings of fact as the factual summary of this case.

## IV. ANALYSIS

*Plaintiff's Request to Amend the Complaint*

Plaintiff includes in her response to the Magistrate Judge's report and recommendation, a second Motion for Leave to Amend and Supplement her complaint pursuant to Fed. R. Civ. P. 15(a)(2), 15(d), and 20(a)(2) and a proposed Amended Complaint. (ECF No. 18, pp. 10-52). She requests leave to amend to add a Fifth Amendment equal protection claim against "DOE and DOE officials [in their individual and official capacities] for failing to treat Plaintiff fairly and equally" and to join Bev Holloway as a party Defendant. (ECF No. 18, pp. 1-9).

Plaintiff's prior motion to amend requested leave to add Bev Holloway as a Defendant. The Magistrate Judge denied Plaintiff's request to add any additional defendants, including Bev

3

Holloway, who entered her property and removed 78 trees on October 17, 2016, as improper joinder under Fed. R. Civ. P. 15. Plaintiff's request to include a Fifth Amendment claim has also been considered by the Magistrate Judge who recommended in her report and recommendation that it be dismissed as lacking merit. (ECF No. 12, pp. 22 and 39).

Plaintiff now contends that additional and newly discovered facts support adding a Fifth Amendment claim against DOE, DOE officials and the joinder of Bev Holloway as a party Defendants. Plaintiff again asserts that the additional facts relate to property that was removed from her land, support her current claims and justify adding more Defendants to her complaint. (ECF No. 18, pp. 3-5). Plaintiff's latest motion to amend her complaint is again Denied.

It would be futile to add Holloway or any other Defendant associated with the October 17, 2016 incident. The case currently before the Court involves the events that occurred after Plaintiff's municipal hearing on October 7, 2016, through October 9, 2016, the length of her subsequent detention at the Fayette County Jail. The incidents regarding the removal of trees on her property does not involve the same facts and circumstances for which she has filed § 1983 claims against Fayette County and its employees for deprivation of medical care in violation of the Fourteenth Amendment.

*Plaintiff's Substantive Claims for Relief*

*Federal Claims*

The Magistrate Judge conducted an exhaustive examination of Plaintiff's complaint and her claims under 42 U.S.C. §§ 1983 and 1985 along with a review of Plaintiff's unofficial transcription of the compliance hearing. In the report and recommendation, the Magistrate Judge, specifically concluding that Plaintiff has failed to assert: 1) a First Amendment claim that

she had engaged in protected conduct for which she suffered retaliation; 2) that her Second Amendment right to keep and bear arms has been violated; 3) that she had been falsely arrested and prosecuted in violation of the Fourth Amendment based on the judge's finding of probable cause and issuance of the arrest warrant; 4) the first element of a malicious prosecution claim namely, that the underlying municipal court proceeding was resolved in her favor; 5) a Fourth Amendment excessive force claim against Officers Hyde and Williams that resulted from a municipal policy or custom of the City of Piperton that caused her harm; 6) a Fifth Amendment due process violation because none of the Defendants acted on behalf of the federal government; 7) a viable Eighth Amendment claim of deliberate indifference to her medical needs because she was not a convicted prisoner, rather a pre-trial detainee arrested for perjury; 8) a procedural due process violation in reference to an involuntary commitment or one attributed to the compliance hearing; 9) a substantive due process claim against the City of Piperton defendants in reference to her serious medical needs; 10) a conspiracy to deprive her of her constitutional rights under 42 U.S.C. § 1985, and 11) a deliberate indifference to her medical needs claim against all of the named Piperton Defendants.

The Magistrate Judge concluded that Plaintiff has asserted a viable claim under § 1983 for a violation of the Fourteenth Amendment for deliberate indifference to her medical needs as to Fayette County and Sheriff Riles, in his official and individual capacities while she was incarcerated at the Fayette County Jail. The Magistrate Judge further recommended that all of Plaintiff's claims in this regard against Fayette County Jail, Sheriff Riles in his official capacity, Davenport, Sparks, Lewis, Pulliam, and medical providers John and Jane Doe be construed as claims against Fayette County. (ECF No. 12, pp. 12-35).

*State Law Claims*

In reference to Plaintiff's state law claims, the Magistrate Judge found that Plaintiff alleged: 1) various violations of criminal statutes, i.e. attempted first degree murder, criminal attempt, kidnapping, false imprisonment, *inter alia*, none of which pertain to a civil proceeding; 2) violations of mental health commitment provisions that are inapplicable as Plaintiff was never committed to the care of a mental health facility, and finally, 3) claims of intentional torts, including the intentional infliction of emotional dismiss, that provide governmental immunity for the City of Piperton and Fayette County under the TGTLA. (*Id*. at 35-37). The Magistrate Judge recommended that the claims against the unnamed fictitious parties, John and Jane Doe, should be dismissed for failure effect service of process. The Magistrate Judge recommends dismissal under Fed. R. Civ. P. 18(a) and 20(a) of the criminal trespass allegations against Piperton Mayor Henry Coats and others for improper joinder as these claims arise from a separate and distinct incident from the facts underlying this case. (*Id*. at 37-41). The Court agrees and adopts each of these findings for the reasons established below.

<u>*Plaintiff's Objections to the Magistrate Judge's Proposed Legal Findings*</u>

In order to be considered by the Court, objections to a Magistrate Judge's report must be specific. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985); *Tyree v. U.S. Bank National Association*, No. 16-2076-STA-dkv, 2016 WL 6806269, at *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. Consequently, to the extent that Plaintiff has made vague, general, or conclusory objections, such as recitations from previous pleadings, those objections are waived." *Tyree*, 2016 WL 6806269 at *1; *Mira*, 806 F.2d at 637.

Plaintiff's response to the Magistrate Judge's report and recommendation includes the same transcribed materials of her proceeding that were attached to her original complaint. (ECF No. 1-1, pp, 1-12 and ECF No. 18-1, pp. 1-16). Plaintiff adds the proposed Amended Complaint and copies of medical records from various medical facilities in her response. (ECF No. 18-1, pp. 17-52 and ECF No. 18-2-18-5). The Court has liberally construed Plaintiff's responsive pleading in order to find any references or challenges to the Magistrate Judge's legal conclusions. However, the Plaintiff has merely reiterated and elaborated on her prior assertions. As such, she has failed to offer specific objections to the Magistrate Judge's report and recommendation. Therefore, Plaintiff has waived objecting to the Magistrate Judge's legal conclusions.

Upon a *de novo* review of the *pro se* complaint, the unofficial "transcript" of the municipal court proceeding, and Plaintiff response, the Court agrees with the Magistrate Judge's finding that the complaint sufficiently alleges a claim of deliberate indifference to Plaintiff's medical needs under 42 U.S.C. § 1983 and the Fourteenth Amendment as to Fayette County and Sheriff Bobby Riles, in his official capacity. Within her complaint, Plaintiff adequately alleges that the jail officials and staff denied her any and all medical treatment and medications, even after her disclosure of several serious health conditions during her time of incarceration from October 7, 2015, to October 9, 2015. Based on the officials' failure to provide her medical care or her medications, Plaintiff adequately alleges that she became ill. Finally, Plaintiff properly alleges that Fayette County's failure to implement adequate policies or procedures or to properly train or supervise their employees regarding the care and monitoring of custodial inmates caused her injuries in violation of her constitutional rights. (ECF No. 1, pp. 7, 13-19). As such, this

claim should proceed as recommended. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1247 (6th Cir. 1989); and *City of Canton v. Harris*, 489 U.S. 379, 387-88 (1989).

## **CONCLUSION**

Upon a *de novo* review, the Court adopts the Magistrate Judge's report and recommendation in its entirety, overrules Plaintiff's objections as waived, and orders that all of Plaintiff's state and federal claims be dismissed other than the 42 U.S.C. § 1983 claim for deliberate indifference to medical needs as to Fayette County and Sheriff Bobby Riles.

Accordingly, the Clerk of Court is directed to issue process for Fayette County and Sheriff Riles and to deliver that process along with a copy of the Complaint, a copy of the Magistrate Judge's report and recommendation and a copy of this Order to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4(h)(1) for service. It is ordered that service be made on Fayette County and Sheriff Riles pursuant to Rule 4(h)(1) and that all costs of service be advanced by the United States.

Going forward, Plaintiff Caroline Thomas is ordered to serve a copy of all of her documents filed in this matter upon counsel for the remaining Defendants Fayette County and the Sheriff, to make a certificate of service on every document filed, to familiarize herself with the Federal Rules of Civil Procedure as well as the Local Rules of this Court[3] and to notify the Clerk of any change in her mailing address or extended periods of absences.

**IT IS SO ORDERED** on this 10th day of February, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[3] A copy of the Local Rules of Court are located on the court's website at http/tnwd.uscourts.gov