IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| CAROLINE THOMAS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:16-cv-2801-JTF-dkv |
|  | ) |  |
|  | ) |  |
| FAYETTE COUNTY, *et. al*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

___

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION FOR PARTIAL DISMISSAL**
___

Before the Court is the Defendants Fayette County, Tennessee and Sheriff Bobby Riles' Partial Motion to Dismiss that was filed on March 14, 2017. (ECF No. 26). All pretrial matters have been referred to the United States Magistrate Judge for report and recommendation or determination pursuant to 28 U.S.C. § 1915 (e)(2)(B) and W. D. Tenn. LR 4.1(b)(2). (Admin. Order 2013-05). On May 12, 2017, the Magistrate Judge issued a report and recommendation on the Defendant's Partial Motion to Dismiss. (ECF No. 32). On May 23, 2017, Plaintiff filed timely objections to the report and recommendation to which the Defendants filed an opposing response on May 30, 2017. (ECF Nos. 34 & 40).

## II. **LEGAL STANDARD**

A United States District Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d

1

952, 957 (6th Cir. 1985). While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the District Court Judge are reviewed *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).

A District Court Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Although, the District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge, the judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Also, d*e novo* review is not required when the objections to the report and recommendation are frivolous, conclusive or general. See 28 U.S.C. §636 (b)(1)(B) and (C); Fed. Rule Civ. P. 72(b); *Baker v. Peterson*, 67 Fed. App'x 308, 311 (6th Cir. 2003); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

### III. FACTUAL HISTORY

The Magistrate Judge has issued two reports and recommendations in this case thus far. The initial report and recommendation included an extensive summary of the factual history of this case. (ECF No. 12). The last report and recommendation provides a succinct description of the remaining claims in this matter along with an updated procedural history. (ECF No. 32, p. 2). Plaintiff has submitted objections that do not challenge any of the proposed findings of fact within the report and recommendation. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact.

### IV. ANALYSIS

Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendants assert that the official capacity claims against Sheriff Riles should be dismissed as redundant, due to claims against Fayette

County. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Defendants also argue that the individual capacity claim against Sheriff Riles for failure to provide medical treatment as required under 42 U.S.C. § 1983 should be dismissed. The Defendants assert that Plaintiff failed to plead with particularity acts that show deliberate indifference rising to criminal recklessness. (ECF No. 26-1, pp. 3-7). *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994).

While noting that *pro se* complaints are construed more liberally than pleadings drafted by lawyers, the Magistrate Judge recommended that the Court grant the Defendant's Partial Motion to Dismiss all claims against Sheriff Riles in both his individual and official capacities. The Magistrate Judge concluded that Plaintiff's § 1983 claim against Sheriff Riles in his official capacity should be dismissed because a § 1983 claim against a government official is tantamount to an action against a governmental entity or in this case, Fayette County.[1] (ECF No. 32, pp. 6-7). *See Monell v. Department of Social Services of City of* New *York,* 436 U.S. 658, 690, n. 54 (1978) (Normally, a suit under § 1983 should be brought against either the local public official in his individual capacity and the local government which employs him); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244-45 (6th Cir. 1989); and *Foster v. Michigan*, 573 F. Appx 377, 390 (6th Cir. 2014). Plaintiff's objections only generally refer to her claim against Sheriff Riles in his official capacity by describing the County's motion to dismiss this claim as "twisted statements." Plaintiff has failed to provide any legal support or specific objections to the Magistrate Judge's report and recommendation on this issue. Therefore, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's recommendation to dismiss claims against Sheriff Riles in his

---

[1] The Magistrate Judge also clarified that the official capacity claims against Sheriff Riles should have been dismissed in the initial screening report and recommendation. Inadvertently, the report and recommendation ultimately misstated the recommendation to dismiss the official capacity claim against Sheriff Riles. Similarly, the undersigned Court adopted the first report and recommendation and mistakenly overlooked dismissing the official capacity claim against Sheriff Riles at that stage in the proceedings. (ECF No. 32, p. 7).

official capacity.

With reference to Plaintiff's individual capacity claim against Sheriff Riles for deliberate indifference to her serious medical needs, the Magistrate Judge clarified that in order to sustain this claim, a plaintiff must establish that the prison official intentionally denied or delayed access to medical care for a serious need under both an objective and subjective component. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)(*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Magistrate Judge determined that Plaintiff has satisfied the objective component. (ECF No. 32, pp. 7-8). In the complaint, Plaintiff sufficiently alleges serious medical conditions of atrial fibrillation, thyroid cancer, high blood pressure, and eye surgery on the day prior to her detention at the Fayette County jail. She also alleged that during her incarceration, she was denied the daily prescribed medications for these conditions. (ECF No. 1, pp. 13-14, 16-17). Accordingly, the Court agrees with the Magistrate Judge's finding that Plaintiff has satisfied the objective component of a deliberate indifference to serious medical needs claim.

However, in order to establish a viable claim for deliberate indifference to serious medical needs, a plaintiff must also satisfy the subjective component of this claim. This requirement is met when the prison official: 1) knows and disregards an excessive risk to inmate health and safety; and 2) is aware of facts from which an inference may be drawn that a substantial risk of serious harm exists. *Farmer*, 511 U.S. at 837.

Despite Thomas' assertions in her response to the partial motion to dismiss, the Magistrate Judge determined that she had failed to allege in her complaint that Sheriff Riles knew any facts pertaining to her medical condition, participated in detaining and imprisoning her or personally

4

took an active role in denying her medical treatment. The Magistrate Judge also concluded there were no facts showing that Sheriff Riles was even present at the Fayette County jail while Thomas was incarcerated. (ECF No. 32, p. 9). The Magistrate Judge noted that only one paragraph in Count VII of the complaint referred to Sheriff Riles other than the general allegations regarding his role as policy maker for the County. The Magistrate Judge concluded that Plaintiff's factual assertions that Sheriff Riles should have known his employees' misconduct are insufficient to support a claim of subjective indifference to the Plaintiff's serious medical needs. *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (ECF No. 1, p. 19 & ECF No. 32, pp. 9-10).

Plaintiff objects to the Magistrate Judge's findings that she failed to allege that Sheriff Riles: 1) was present at the jail at any time during her incarceration; 2) participated in the alleged events at the jail; 3) engaged in any affirmative acts related to Plaintiff's alleged lack of medical treatment; or 4) had any knowledge of or any role in providing or denying treatment to Plaintiff. (ECF No. 34, pp. 3-4). The Defendants respond that Plaintiff merely recites allegations against all detention officials without pointing to any specific acts of Sheriff Riles. (ECF No. 40, p. 4).

In the complaint, Plaintiff alleges:

> Despite clear and unequivocal knowledge of The Plaintiff's need for medication, her delicate medical condition, the Defendants, named and unnamed, with deliberate indifference did not initiate or take proper precautions to protect The Plaintiff or to properly and adequately monitor The Plaintiff's physical health.
>
> Defendants, and/or their employees and agents ignored The Plaintiff's symptoms and left her in the holding cell without further monitoring and/or assistance.
> . . . .
> From on or about October, 7, 2015 through October 9, 2015, The Plaintiff had seizures accompanied by vomiting spells and

>   incontinence.
>
>   Defendants' failure to monitor their correctional officers and medical personnel to ensure that they adequately monitor and supervise inmates who have serious medical needs;
>   . . . .
>   Defendant Fayette County Jail and Sherriff [sic] Bobby Riles are supervisory officials who knew, or in the exercise of reasonable care, should have known that individual prison officials had engaged in misconduct and other violations of the constitutional rights of prison inmates at the Fayette County Jail, more specifically The Plaintiff.

(ECF No. 1, pp. 10, 12-13, 15-19). The Court finds that Plaintiff's complaint only indirectly ties Sheriff Riles to the deliberate indifference to her serious medical needs claim. As a supervisory official, she alleged that Riles should have known of her maltreatment based on his role as Sheriff. However, these conclusory allegations do not provide direct or indirect knowledge of her condition, as required. *Leach*, 891 F.2d at 1246.

>   A failure of a supervisory official to supervise, control, or train the offending individual [employees] is not actionable absent a showing that the official either encouraged or in some way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending [employees].

*Id.* (*quoting Hays v. Jefferson County, Ky*, 668 F.2d 869, 874 (6th Cir. 1982)); *Farmer,* 511 U.S. at 837; and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

As stated by the Magistrate Judge, all of these averments are conclusory. The more particular allegations are provided in Plaintiff's responses to the Defendants' Partial Motion to Dismiss as well as in her objections to the report and recommendation. However, these averments are insufficient to overcome a Rule 12(b)(6) motion to dismiss. A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level on the assumption

that all allegations in the *complaint* are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(*emphasis added*). Contrary to the allegations in her objections, Plaintiff failed to assert within her complaint that Sheriff Riles was present, participated, or engaged in the denial of medical care. Therefore, Plaintiff has failed to establish the subjective component - that Sheriff Riles had and disregarded knowledge of Plaintiff's serious medical need and yet deliberately refused to provide the treatment needed for her care. *Farmer*, 511 U.S. at 837. Accordingly, Plaintiff's objections are overruled. The Court finds the Magistrate Judge's report and recommendation to dismiss Sheriff Riles in his official capacity should be adopted.

The Court finds that the Defendants' Partial Motion to Dismiss all claims against Sheriff Riles should be Granted.

## **CONCLUSION**

Upon a *de novo* review, the Court adopts the Magistrate Judge's report and recommendation in its entirety, overrules Plaintiff's objections and orders that all of Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Sheriff Riles in his individual and official capacities be dismissed.

**IT IS SO ORDERED** on this 9th day of June, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE